THAYER vs. JARVIS and others.

*(1) Evidence of license to use driveway.   (2) Cause of action for injury from negligence.   (3) Variance, when immaterial.*

1. Where an open space is left along the rear of the stores in a block, connecting, by transverse alleys at each end, with the street on which the block fronts, and such space and alleys are used for many years by the occupants of such stores, for the purposes of their business, as a driveway for teams, without objection from any one, these facts will support a finding that teamsters have a *license* from each of such occupants to use the driveway for delivering goods at the stores of the others.
2. One whose horses are injured by the negligence of another in putting injurious substances upon a driveway where the injury occurs, may recover damages therefor, if the horses were rightfully upon such driveway, whether by license, grant or prescription.
3. The complaint for such an injury alleged, and the answer denied, that plaintiff's horses were lawfully upon the driveway.   The complaint further alleged certain acts and agreements of the owners and occupants of

the block in which such driveway was situate, as ground of plaintiff's right to drive his horses upon it. At the trial, plaintiff showed, without objection, facts from which a *license* to use the driveway as he was using it might have been found. *Held*, that if there was a variance between complaint and proof as to the ground of plaintiff's alleged right, it was immaterial, in the absence of any proof that defendants were misled by it; and it was error to award a compulsory nonsuit.

APPEAL from the Circuit Court for *Milwaukee* County.

This action was brought to recover damages for the alleged negligence of the defendants in placing and leaving in an open space, or passageway for teams, in the rear of their store, in the city of Milwaukee, certain caustic substances, through which the teamster of the plaintiff drove the team of the latter, by means whereof the horses were injured.

It appears that the defendants occupied a store on the east side of West Water street, as tenants of the owners. There were several stores in the same block. On the north and south sides of the block were alleys, or passageways for teams, extending from the street to the Milwaukee river. A space about thirty feet wide was left open in the rear of the stores along the river, connecting with the two alleys just mentioned. For many years before, and down to the time of the alleged injury, the alleys and open space along the river had been and were constantly used by the owners and lessees of such stores for the purposes of their business, as a passage or driveway for teams, without objection from any one.

When his horses were injured, the plaintiff was engaged in hauling goods with them for Webster Brothers, who occupied a store in the same block, adjoining that occupied by the defendants.

For the purpose of showing that the plaintiff's horses were lawfully at the place of injury, it is alleged in the complaint, that when the store occupied by the defendants was erected, " an alley was thrown out or opened by the owner or owners of said premises for the mutual and common use and benefit

of all the owners of lots and stores in said block, in the rear of said stores, which alley ever since has been used by the public and owners and occupants of said several stores and premises, and their several customers and employees, under said arrangement and agreement of the several owners and occupants thereof."

The answer of the defendants contains denials of most of the material allegations of the complaint, and also an express denial that, at the time of the injury complained of, the plaintiff " was lawfully with his team of horses in said alley, or on said open space, but was, if there at all, there as a trespasser."

On the trial, the plaintiff proved, in addition to the facts above stated, that his horses were injured in the manner stated in the complaint, while engaged in hauling goods for Webster Brothers; and that his teamster was ignorant of the caustic nature of the materials deposited in the open space or alley. He also gave evidence tending to prove that such materials were deposited there by the defendants.

At the close of the plaintiff's proofs, the court, on motion of the defendants, nonsuited the plaintiff. A motion for a new trial was afterwards made and denied; and judgment for costs was rendered against the plaintiff; from which the plaintiff appealed.

The cause was submitted for the appellant on the brief of *Rogers & Hover.*

*Wm. P. Lynde, Jr.,* for the respondent.

LYON, J. The motion for a nonsuit was put upon the ground that there was no proof that the place where the plaintiff's horses were injured was a public highway; but the record fails to disclose the ground upon which the court granted the motion. Were this otherwise, and had the motion been granted for insufficient reasons, still, if the record discloses any sufficient ground for it, the nonsuit will not be disturbed.

One of the issues in the case is, whether the plaintiff's horses, when injured, were lawfully at the place of injury. It is alleged in the complaint that they were lawfully there, and this allegation is denied in the answer. True, the grounds of the right claimed are stated in the complaint, and the right is derived from certain alleged acts and agreements of the owners and occupants of the block; but the answer directly tenders the broad, unqualified issue of the right of the plaintiff to drive his team through the open space in which the injury occurred. It seems to us that under these pleadings it was competent for the plaintiff to show that his horses were lawfully there, and that, to this end, he might show that the place was a passageway for teams doing the work of Webster Brothers, made so either by grant, prescription or license.

The plaintiff did not attempt to show any right of way there by grant or prescription, but he did prove a state of facts from which the jury might well have found that he had a license from the owners and lessees of the block, including the defendants, to drive there when doing the work of Webster Brothers. Such a license, until revoked, is as effectual to sustain this action as would be proof that the alleys or open spaces are public or private ways by grant or prescription, over which the plaintiff had lawful right to drive his team.

But if there is a variance between the allegations of the complaint and the proofs, in respect to such right of passage at the point of injury, it is immaterial. The evidence of the long continued and uninterrupted user, by the occupants of the block, of the open space as a passageway for teams, was received without objection. In view of the issue they tendered, the defendants could not have been misled or prejudiced by it. At any rate, they offered no proof that they were misled by it; and, in the absence of such proof, the variance (if there was a variance) is immaterial, and should be disregarded, or the complaint amended to correspond with the proofs. R. S. 1858, ch. 125, secs. 33 and 34. Certainly there is

no ground here for saying that the cause of action in its entire scope and meaning is unproved, for the fact is clearly otherwise.

The question of the negligence of the respective parties was for the jury. Upon the evidence before us, we cannot say, as matter of law, either that the injury complained of was not caused by the negligence of the defendants, or that the plaintiff's teamster was guilty of negligence which contributed thereto.

We find nothing in the record which is necessarily fatal to the plaintiff's right to recover in the action; and hence we think the nonsuit should not have been ordered.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.